UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondant        Case No. 10-CR-20513

v.                                    HON. GEORGE CARAM STEEH

JOHNNY BAKER,

    Defendant/Petitioner
_____/

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE UNDER 28 U.S.C. §2255, AND GRANTING A HEARING
ON INEFFECTIVE ASSISTANCE OF COUNSEL (DOC. #31)

Defendant/Petitioner Johnny Baker ("Baker") was charged in an eight count indictment on August 24, 2010, with four counts of interference with commerce by robbery, in violation of 18 U.S.C. §1951(a), and four counts of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c). He pled guilty to all eight counts on March 30, 2011. During the sentence hearing on August 2, 2011, the government moved to dismiss count 4 in consideration of Baker's "minimal cooperation." The resulting mandatory minimum sentence was 57 years, or 684 months, which Baker received. He pursued a direct appeal, which was dismissed as untimely. On July 11, 2012, Baker filed a motion under 28 U.S.C. §2255 seeking to vacate, set aside, or correct his sentence. Baker asserts relief should be granted for the reason that his plea was constitutionally invalid and he received ineffective assistance of counsel.

Baker raises the following claims in regards to his asserted constitutionally invalid plea: (1) his guilty plea was not voluntary, knowing, intelligent, or adequately supported by

the record, as he was ignorant of the availability a trial as an alternative; (2) he did not enter his plea knowingly as the district court "failed to inform him" of the mandatory minimum sentence, and that the sentences would be consecutive; and (3) his plea was constitutionally invalid because the court failed to inform him of the prohibition on double jeopardy. Baker further alleges the following claims for ineffective assistance of counsel: (4) his counsel was defective as he failed to raise a double jeopardy claim in response to a typographical error in the indictment or move to dismiss counts 6 and 8 on those same grounds; (5) counsel failed to challenge the indictment on "fair notice" grounds, in relation to the typographical error; (6) counsel failed to inform him about the true effect of the "second and subsequent" sentences; and (7) counsel failed to appeal the "gun sentences" after Baker expressly told him to do so.

For the following reasons, petitioner's claims (1) through (6) are denied, and count (7) is scheduled for a hearing consistent with Campbell v. United States, 686 F.3d 353 (2012).

I. **Baker's Claim Of A Constitutionally Invalid Plea**

Baker's first three claims, (1), (2), and (3), which contend his guilty plea was not "voluntary, knowing, or intelligent, or adequately supported by the record," must fail. A plea is voluntary if the defendant is fully aware of the consequences, and not induced by threats, improper promises, or misrepresentations. Brady v. United States, 397 U.S. 742, 755 (1970). Whether a plea is voluntary must be determined by the all the relevant circumstances. Id. at 749. The burden to show the voluntary nature of the plea is on the state; however, that burden is generally satisfied when the state produces a transcript of

the court proceedings showing the plea was made voluntarily. Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir. 1993), quoting Boykin v. Alabama, 395 U.S. 238 (1969).

Baker's first claim asserts that his guilty plea was not "voluntary, knowing, intelligent or adequately supported by the record." Here, he claims he was ignorant of the availability of the compulsory confrontation process. However, the record reflects that the court advised Mr. Baker as to his right to confrontation during his guilty plea hearing. Baker answered in the affirmative when the court inquired whether he knew that he could have a trial and the court could compel witnesses to testify. U.S. v. Baker, (#10-20513, Guilty Plea Hearing, Doc. #36 pgs 14-17, March 30, 2011.) Therefore, as the record indicates that Baker affirmed to the court he indeed knew of the availability of a trial alternative before pleading guilty, this claim must fail.

Next, Baker asserts that he did not enter his plea knowingly as the district court "failed to inform him" of the mandatory minimum sentence, or that each sentence would be consecutive to the next. However, the court advised Baker during his guilty plea hearing that the counts would run consecutively[1]. Id., at 6. Baker indicated to the court that he understood this, as well as the definition of the word "consecutive." Id. When asked, Baker also indicated to the court that he understood that this time would be in addition to any time

---

[1] "The Court: Okay. So in relation to the charge of using a firearm during and in relation to a crime of violence, as set forth in Count 2, the - - that carries a penalty of not less than seven years consecutive, you understand?
The Defendant: Yes.
The Court: You know what consecutive means?
The Defendant: Yes.
The Court: In addition to whatever time you might receive for the offense of interference of commerce by robbery, you understand?
The Defendant: Yes."
U.S. v. Baker (#10-20513, Guilty Plea Hearing, Doc. #36 at 6, March 30, 2011.)

he might receive on the offense of interference of commerce by robbery. Id. Therefore, as the record reflects that the court did inform him of the mandatory minimum sentence, and ensured he knew the meaning of the word "consecutive," this claim must also fail.

Baker's last contention concerning the constitutionality of his guilty plea is that the judge failed to inform him of the prohibition on double jeopardy. He points to a typographical error in which counts 6 and 8 refer to the use of a firearm during and in relation to the crime of violence in count 1, rather than the corresponding charges that should have been referenced (counts 5 and 7). Baker contends that his plea to these three counts violates the prohibition on double jeopardy. However, errors in the indictment, other than those regarding jurisdiction or failure to state an offense, must be alleged before trial or taking a plea. Fed. R. Crim. Pro. 12(b)(3)(B). Furthermore, "a valid guilty plea waives all non-jurisdictional defects in the defendant's indictment." United States v. Ball, 12 F.3d 214 (6th Cir. 1993), citing Tollett v. Henderson, 411 U.S. 258, 267 (1973). Therefore, as this defect in the indictment is a non-jurisdictional, typographical error, Baker's guilty plea waived his claims as to them. Therefore, this claim must fail.

However, even if Baker could now bring a claim that there was an error in the indictment, and that it subjected him to double jeopardy, such a claim is precluded. The Supreme Court held in United States v. Broce, 488 U.S. 563 (1989), that a guilty plea precludes a later claim of double jeopardy. Waiver of a claim of double jeopardy "derives not from any inquiry into a defendant's subjective understanding of the range of potential defenses, but from the admissions necessarily made upon entry of a voluntary plea of guilty." Id. at 573-574. During his plea hearing, Baker did indeed admit his guilt to the

offenses in question. Therefore, even if a claim was not waived by Baker's failure to raise it, his admission of guilt mandates that the double jeopardy claim must fail.

## II. Baker's Ineffective Assistance of Counsel Claims

Baker next claims that his counsel was deficient due to his failure to raise a double jeopardy defense concerning the aforementioned defect in the indictment, as well as his failure to move for dismissal of counts 6 and 8 on the same grounds. Baker also contends that his counsel failed to challenge the indictment on "fair notice" grounds, a charge also stemming from the typographical error in the indictment. Baker further contends that his attorney failed to give proper advice regarding the potential sentence he faced, as well as failing to inform him about the true effect of the "second and subsequent" sentences. Lastly, Baker contends that counsel failed to "appeal the gun sentences" after Baker expressly told him to do so.

When evaluating ineffective assistance of counsel, the court must look to the two prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient, and thus did not receive the "counsel" he is constitutionally guaranteed by the Sixth Amendment. Id. at 687. Second, he must show that the errors were sufficiently serious to "deprive the defendant of a fair trial." Id. Furthermore, as Baker pleaded guilty, he must show that there is a reasonable probability that but for the counsel's errors, he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

First, had Baker's counsel responded to the indictment with motions to dismiss counts 6 and 8 based upon the typographical errors, nothing indicates that a trial or guilty plea would not have occurred. Had they been raised, objections to errors in the indictment

in this case would have simply resulted in a re-indictment of Baker with the typographical errors removed, as the statute of limitations had not yet run on those charges. Failure to raise these objections did not so prejudice the outcome of the proceedings as to amount to deficient performance of counsel. Therefore, Baker's argument that his counsel was deficient for failure to move to dismiss counts 6 and 8 because of those typographical errors is unpersuasive, and must fail.

Second, Baker contends that his counsel was deficient for failure to challenge the indictment on "fair notice," again citing the typographical error in charges 6 and 8. However, Baker ignores that counts 6 and 8 correlate to the later of the two crimes of which he was charged, specifically quoting the dates "on or about" when the incidents outlined in counts 5 and 7 occurred. Thus, the typographical error, and the failure of counsel to object on fair notice grounds to it, did not so prejudice Baker that he was completely unaware of the crimes with which he was being charged. Thus, this claim must also fail.

Third, Baker contends that his attorney failed to properly advise him of the sentence he faced, as well as the meaning of "second and subsequent" offenses. However, in his guilty plea hearing, Baker admitted to the court that he did indeed understand the sentence that he faced, as well as the meaning of "second and subsequent," and its effect on the sentence he faced. Therefore, this claim must also fail.

Last among the claims asserted in the petition for relief is a claim asserting ineffective assistance of counsel for counsel's failure to file an appeal despite Baker's explicit request that his attorney do so. At this moment, the government does not concede petitioner's assertion that he instructed his attorney to appeal. The government does acknowledge, however, that, if true, the court would be constrained by the Sixth Circuit's

decision in Campbell v. U.S., 686 F.3d 353 (6th Cir. 2012) to conduct an evidentiary hearing to determine if such direction by Baker was, in fact, timely given to counsel. If so, relief in the form of a delayed appeal would be appropriate.

In Campbell, the Petitioner-Appellant pled guilty to conspiracy to commit wire and mail fraud, and waived the right to appeal his conviction and sentence. Id. at 355. He then brought a motion to vacate under 28 U.S.C. §2255, and "contended, among other things, that his attorney's failure to file an appeal despite Campbell's alleged express instruction to do so amounted to ineffective assistance of counsel." Id. Without ruling on the merits, the Sixth Circuit held that an attorney's failure to file a notice of appeal despite express instruction to do so constitutes ineffective assistance of counsel. Id.

The Sixth Circuit held that that under precedent set by the Supreme Court in Roe v. Flores-Ortega, a violation of the defendant's Sixth Amendment rights occurs *per se* when counsel fails to file an appeal as requested, and a violation may occur even without regard to the probability of success. Id. at 357-358, quoting Roe v. Flores-Ortega, 528 U.S. 470 (2000). See also Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998). In Campbell, as in the present case, the Petitioner-Appellant simply made an uncontradicted assertion that his counsel refused to file an appeal at his direction. The Sixth Circuit held that the District Court's ruling on the motion without holding a hearing was in error, vacated the judgment of the district court and remanded the case for an evidentiary hearing. In the present case, Baker's dubious assertions about his other claims, that are contradicted by his own words to the court on the official record, call into question Baker's veracity concerning this last claim. However, it appears that the broadly worded decision in

Campbell mandates that this court hold a hearing to determine whether Baker did in fact instruct counsel concerning a direct appeal.

Accordingly, if the government upon its investigation into this matter decides it cannot contradict the petitioner's assertion, the court will enter an order granting Baker a right to a delayed appeal regarding claim (7). If, on the other hand, the government decides there is a possibility of presenting contradicting evidence, an evidentiary hearing will be scheduled as required by Campbell, and petitioner will be conveyed from California to attend.

For these reasons, Baker's claims (1) through (6) are DENIED. Unless the court, within 30 days, receives notice of the government's concurrence in a delayed appeal for the petitioner, an evidentiary hearing will be conducted on July 23, 2013, at 9:00 a.m. to determine whether the petitioner explicitly ordered his counsel to file an appeal.

IT IS SO ORDERED.

Dated: April 16, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 16, 2013, by electronic and/or ordinary mail and also on Johnny Baker #44897-039, USP Atwater, U. S. Penitentiary, P. O. Box 019001, Atwater, CA 95301.

s/Barbara Radke
Deputy Clerk