UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent    Case No. 10-CR-20513

   v.            HON. GEORGE CARAM STEEH

JOHNNY BAKER,

    Defendant/Petitioner
_____/

<u>ORDER DENYING REMAINING CLAIM IN DEFENDANT'S MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER
28 U.S.C. §2255 (DOC. # 31), DENYING DEFENDANT'S MOTION TO
RECONSIDER (DOC. # 45), AND DENYING CERTIFICATE OF APPEALABILITY</u>

   In March 2011, defendant/petitioner Johnny Baker ("Baker") pleaded guilty to four counts of interference with commerce by robbery, in violation of 18 U.S.C. §1951(a), and four counts of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c).  During the sentence hearing on August 2, 2011, the government moved to dismiss one of the counts in consideration of Baker's "minimal cooperation."  Baker received a mandatory minimum sentence of 57 years.  His direct appeal, filed *pro se*, was dismissed as untimely.  Baker then filed a motion under 28 U.S.C. §2255 seeking to vacate, set aside, or correct his sentence.  This court denied all of the claims in that motion except the last, regarding whether Baker asked his counsel to file an appeal, which it determined required an evidentiary hearing under <u>United States v. Campbell</u>, 686 F.3d 353, 360 (6th Cir. 2012).  After several adjournments, the evidentiary hearing was held on January 23, 2014.

Robert Kinney, Baker's counsel at the time of sentencing, appeared for questioning at the evidentiary hearing. Counsel for defendant and the government both had the opportunity to examine Kinney on whether Baker had asked him to file an appeal following sentencing in this case. Kinney described his last in person interaction with Baker, on the day of sentencing, and his limited correspondence with Baker after that. As described at the hearing, the Rule 11 agreement signed by Baker included a waiver of his right to appeal. However, initially that waiver did not apply as to one issue. Section three of the Rule 11 agreement included the following language:

> The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range. Further, the parties agree that the defendant reserves the right to argue the applicability of consecutive sentencing under United States v. Abbott, 131 S.Ct. 18 (2010) and to appeal any such determination of that issue only, unless and until the government files any motion for downward departure under U.S.S.G. 5K1.1 or 18 U.S.C. 3553 or any other variance from the guidelines.

> Rule 11 Agreement, Section 3.

At sentencing, the court granted the government's motion to dismiss Count 4 of the indictment–which carried a mandatory 25 year sentence. Defendant's sentence was reduced accordingly. (See Sentencing Transcript at pp. 5-6.) Furthermore, defendant acknowledged at sentencing the fact that a variance had occurred and that he had "given up or waived the right to appeal the conviction and sentence as long as that sentence is as described here below the limits that were imposed in the Rule 11 agreement...." (Id. at 23.)

Attorney Kinney testified at the evidentiary hearing that Baker did not ask him to file an appeal following the sentencing in this matter. He further testified that he had discussed the waiver of appeal contained in the Rule 11 agreement with Baker, which Baker indicated

he understood.  Kinney described his discussion with Baker after sentencing, at which Baker asked about the possibility of providing assistance to the government in the future. Kinney stated at the hearing that if Baker, post-sentencing, had received any helpful information and provided it to the government, the route Kinney contemplated for any sentence reduction was via Fed. R. Crim. P. 35, not a direct appeal, which Baker had waived in any event.  Evidence was introduced during Kinney's testimony demonstrating that Kinney became aware of Baker's *pro se* filing of an appeal some months after sentencing.  Kinney sent Baker letters in October and November 2011, attaching Baker's plea agreement as well as the sentencing transcript containing Baker's waiver of appeal. Baker, however, did not sign and return the affidavit Kinney prepared and attached to withdraw his appeal.  The appeal was later dismissed as untimely.

The court has considered the parties' arguments, written and oral, and the testimony of Attorney Kinney, which the court found to be credible and deems accurate.  The court has determined that Baker did not give Kinney instructions to file an appeal.  Accordingly, the court now finds the remaining claim in Baker's motion filed under 28 U.S.C. § 2255 regarding the alleged ineffective assistance of counsel to be without merit.

The court notes that Baker's motion for reconsideration of its earlier ruling on the § 2255 motion is still pending.  In that motion, Baker asserts that his counsel "told him that only one 924(c) enhancement, by law, can be contributed to his offense."  However, as discussed in the court's previous order on the § 2255 motion, the transcript of Baker's plea hearing makes it abundantly clear that Baker understood the sentence that he faced, as well as the meaning of "second and subsequent," and its effect on his sentence.

-3-

Accordingly, the court hereby DENIES any and all remaining claims in Baker's motion made under 28 U.S.C. § 2255 and likewise **DENIES** Baker's motion for reconsideration of the court's earlier order on the § 2255 motion. Because the court does not find that Baker "has made a substantial showing of the denial of a constitutional right" as provided in 28 U.S.C. § 2253(c)(2), it will not issue a certificate of appealability in this matter.

**IT IS SO ORDERED**.

Dated: February 19, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 19, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

-4-