UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                         Case No. 10-20513

v.

                         HON. GEORGE CARAM STEEH

JOHNNY BAKER,

      Defendant.

_____/

OPINION AND ORDER DENYING
MOTION FOR SENTENCE REDUCTION (ECF NO. 134)

Defendant Johnny Baker seeks compassionate release from prison so that he may care for his partner. The government has filed a response, opposing his request. For the reasons explained below, Defendant's motion is denied.

Baker, along with his cousin, Antwann Baker, committed a string of retail store robberies in 2010. Baker pleaded guilty to four counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and four counts of aiding and abetting the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Based upon the law in effect at the time, the court sentenced Baker to a mandatory fifty-seven years in prison.

- 1 -

In 2021, the court relied upon changes in the law under the First Step Act to resentence Baker pursuant to 18 U.S.C. § 3582(c). ECF No. 92, 106 (amended judgment). The court received new sentencing memoranda from the parties and held a hearing, where Defendant was represented by counsel. ECF No. 104, 105, 118 (transcript). Baker's revised sentencing guidelines range called for a mandatory minimum sentence of twenty-four years. ECF No. 118 at PageID 1592. Considering the seriousness of his offenses, the harm to the victims, protection of the public from harm, deterrence, and Baker's demonstrated rehabilitation, the court reduced his sentence to an aggregate of 348 months (twenty-nine years) in prison. *Id.* at PageID 1612-14. He has served approximately fifteen years of his sentence and is scheduled to be released in 2035.

Baker seeks compassionate release to care for his partner, DeAndra Baez, who is considered fully disabled by the Veterans Administration as a result of her bipolar disorder. According to Baker, his partner needs constant support managing her daily activities, and their daughters are unable to provide this support due to their school and work constraints.

In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

The parties agree that Baker has exhausted his administrative remedies and the court may consider the merits of his motion. When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

The Sixth Circuit has made clear that the "extraordinary and compelling" requirement is a substantial hurdle. *United States v. Hunter*, 12

- 3 -

F.4th 555, 562 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 2771 (2022) (noting that "'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent'" and "'[c]ompelling' meant 'forcing, impelling, driving'"); *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (*en banc*) ("[A]n 'extraordinary and compelling reason' is one that is unusual, rare, and forceful.").

According to U.S.S.G § 1B1.13(b)(3), extraordinary and compelling circumstances may include "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* Baker seeks relief under this provision. The government objects, arguing that Baker has not demonstrated that Baez is his spouse or legally registered partner. ECF No. 139 at PageID 1842 (noting that the Presentence Investigation Report identifies Baker as "single"). The government further contends that Baez does not qualify as "incapacitated," and that Baker has not shown he is the only available caregiver.

With respect to "incapacitation," courts have looked to the BOP guidelines, which define incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse . . . is completely disabled, meaning that the spouse . . . cannot carry on any

- 4 -

self-care and is totally confined to a bed or chair." *See United States v. Smith*, 2024 WL 3656187, at *5 (W.D. Ky. Aug. 5, 2024) (citing cases and BOP Program Statement § 5050.502). In addition, compassionate release based upon family circumstances "typically requires a finding that the Defendant is the only available caregiver." *United States v. Ashrafkhan*, 2021 WL 2431716, at *3 (E.D. Mich. June 15, 2021) (citations omitted).

In this case, the court agrees that Baker has not made a showing that Baez is completely disabled or that he is the only available caregiver. Moreover, even if these requirements were met, the court finds that Baker's immediate release is not supported by the relevant sentencing factors set forth 18 U.S.C. § 3553(a). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public. *Id.* It is presumed "that the district court's initial balancing of the § 3553(a) factors during [defendant's] sentencing remains an accurate assessment as to whether those factors justify a sentence reduction, meaning [defendant] must make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

- 5 -

As noted above, the court conducted a resentencing hearing and significantly reduced Baker's sentence in 2021. At the time, the court considered the § 3553(a) factors, including the seriousness of his offenses, the harm to the victims, protection of the public, deterrence, Baker's demonstrated rehabilitation, and the mandatory minimum sentence of twenty-four years. Other than the health of his partner, the circumstances have not substantially changed since then. A second significant reduction, to approximately fifteen years of imprisonment, would not be commensurate with the seriousness of the offense or consistent with the goals of sentencing, including specific and general deterrence, promoting respect for the law, and just punishment.

The court is sympathetic to the difficulties faced by Baker's family as a result of his imprisonment. However, based upon the universe of factors the court is required to consider under the law, Baker does not qualify for a further reduction in sentence.

IT IS HEREBY ORDERED that Baker's motion for reduction in sentence (ECF No. 134) is DENIED.

Dated: February 26, 2025

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

- 6 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on February 26, 2025, by electronic and/or ordinary mail
and also on Antwann Baker #44897-039, Jesup Federal
Correctional Institution, 2680 Highway 301 South,
Jesup, GA 31599.

s/LaShawn Saulsberry
Deputy Clerk